Filed for Record
8/30/2021 5:00 PM
Penny Clarkston, Smith County District Clerk
Reviewed By: Gina McClung

21-2068-C

CAUSE NO. _____

| | | |
|---|---|---|
| Phylecia Mullen | § § § | IN THE DISTRICT COURT |
| *Plaintiff* | § § § | |
| Vs. | § § § | |
| Zachary Bernard Moses and Freer Trucking Inc. | § § § § § | 241st TH JUDICIAL DISTRICT OF |
| *Defendants.* | § | SMITH COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Phylecia Mullen, hereinafter referred to by name or as Plaintiff, complaining of and about Zachary Bernard Moses and Freer Trucking Inc., hereinafter referred to by name or collectively as Defendants, and for cause of action would respectfully show unto the Court as follows:

### I.

### DISCOVERY CONTROL PLAN

1. Plaintiff intends that discovery be conducted under Level 3 of Rule 190.4 Texas Rules of Civil Procedure.

### II.

### PARTIES/SERVICE

2. Plaintiff, Phylecia Mullen, is an individual residing in Smith County, Texas. Plaintiff's Texas Driver's license number is XXXX782. Social Security Number XXX-XX-X920.

3. Defendant, Zachary Bernard Moses, is an individual residing in Union County, Arkansas and he may be served at **107 W. Center St., Junction City, Arkansas 71749** or wherever he may be found.

4. Defendant, Freer Trucking Inc., is a foreign, for profit, Arkansas Corporation operating in the State of Texas and may be served by serving its registered agent, Susan G Freer, located at **2358 HWY 205, Thornton, AR 71766**, or wherever it may be found.

III.

### JURISDICTION AND VENUE

6. Plaintiff Phylecia Mullen is a citizen of Texas. Defendants Zachary Bernard Moses and Freer Trucking Inc. are both residents of Arkansas; wherein Freer Trucking Inc. is an Arkansas for profit Corporation with its principal place of business in Thornton, Arkansas. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

7. Plaintiff further alleges that this Court has jurisdiction over the Defendants because they have maintained minimum contacts in this state in that they have engaged in systematic and continuous activity within this jurisdiction and a cause of action arising from that activity has accrued, and they have availed themselves to this court's jurisdiction in a way that does not offend traditional notions of fair play and substantial justice in a way that would impede due process and fair dealing.

8. Venue is proper under 28 U.S.C. §1391(b)(2) in that all, or a substantial part of the acts and omissions forming the basis of this suit (motor vehicle collision) occurred in Smith County, Texas, which is within the Seventh District of Texas.

IV.

## FACTS

9. On or about July 28, 2020, Plaintiff Phylecia Mullen was a passenger with her landlord, who was driving a 2003 Pontiac Bonneville, on HWY 69 E heading toward the intersection of the 3500 block of S Main St. and I-20 W 556 off-ramp on the N Side of the I-20 overpass. The Plaintiff's vehicle was travelling in the inside lane, when it merged left into the left turning lane. Defendant Zachary Bernard Moses, who was driving a 2007 Peterbilt Tractor Trailer, while in the course and scope of his employment/agency with Defendant, Freer Trucking Inc., failed to control his speed and suddenly, violently, and without warning, struck the rear end of the Plaintiff's vehicle injuring her severely.

## V.

## CAUSES OF ACTION

10. The occurrence made the basis of this suit, reflected in the above paragraph, and the resulting injuries and damages were proximately caused by the negligent conduct of Defendants. Defendant Zachary Bernard Moses, operated the vehicle being driven in a negligent manner, because he violated the duty owed to the Plaintiff to exercise ordinary care in the operation of his motor vehicle in one or more of the following respects, including but not limited to:

    a. in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

    b. in failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

    c. failing to properly maneuver the vehicle in an effort to avoid the collision

in question; and

d.  in failing to control speed.

11. By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this court, and for which she now sues.

12. Each of these acts and/or omissions, whether taken singularly or in any combination, constitutes negligence and negligence per se and gross negligence, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of her natural life.

13. Defendant, Freer Trucking Inc., is responsible to Plaintiff in damages for each and every negligent act and/or omission of Defendant Zachary Bernard Moses under the doctrine of respondent superior, and/or the doctrine of borrowed servant, and/or agency as those terms are understood in law, in that Defendant Zachary Bernard Moses was operating the vehicle in the course and scope of his employment/agency with Freer Trucking Inc. and in furtherance of its business of transporting general freight. This Defendant was also negligent in one or more of the following respects:

a.  negligent hiring and supervision;

b.  negligent entrustment;

c.  negligent training and supervision; and

d.  negligent retention.

e.  distraction of its driver due to the need to view their computer application,

14. As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff Phylecia Mullen, suffered serious bodily injuries.

## VI.

## **GROSS NEGLIGENCE**

15. Defendants Zachary Bernard Moses and Freer Trucking Inc.'s negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendants Zachary Bernard Moses and Freer Trucking Inc.'s conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to drivers that share the road, such as Plaintiff Phylecia Mullen. Defendants Zachary Bernard Moses and Freer Trucking Inc. had actual, subjective awareness of the risk involved, but nevertheless continued with conscious indifference to the rights, safety, or welfare of Plaintiff Phylecia Mullen or others similarly situated.

## VII.

## **EXEMPLARY DAMAGES**

16. The above-referenced acts and/or omissions by Defendants Zachary Bernard Moses and Freer Trucking Inc. constitute malice as that term is defined in Section 41.001(7) of the Texas Civil Practice and Remedies Code and gross negligence as the term is defined by Section 41.001(11).

17. The Defendants' acts or omissions described above, when viewed objectively from the standpoint of Defendant Zachary Bernard Moses and Freer Trucking Inc. at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

18. Defendants Zachary Bernard Moses and Freer Trucking Inc. had actual, subjective awareness of the risk involved in the above-described acts and omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff

and others.

19.     The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damage sustained by Plaintiff.

20.     Therefore, because of such acts of malice and gross negligence on behalf of Defendants Zachary Bernard Moses and Freer Trucking Inc., Plaintiff sues for exemplary damages in an amount to be determined at trial.

## VIII.

## CAUSTION AND DAMAGES

21.     Each of the acts and omissions described above, taken singularly or in any combination, constitutes negligence and gross negligence which proximately caused the collision, injuries and damages as specifically set forth herein, all of which Phylecia Mullen suffered.

22.     As a direct and proximate result of the collision and the negligent conduct of Defendants, Plaintiff suffered severe bodily injuries to her neck, back, and other parts of her body generally. Her entire body was bruised, battered, and contused and she suffered great shock to her entire nervous system. The injuries are permanent in nature. The injuries have had a serious effect on the Plaintiff's health and well-being. Some of the effects will abide with the Plaintiff for a long time into the future, if not for her entire life. These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental condition to generally deteriorate, and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of this deterioration throughout her body for a long time in the future, if not for the balance of her natural life. As a further result of the nature and consequences of her injuries, the Plaintiff endured great physical

and mental pain and suffering, and mental anguish, and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of her natural life.

23. Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff Phylecia Mullen incurred the following damages:

    a.    medical care and expenses incurred in the past;

    b.    medical care and expenses that will in all reasonable probability be incurred in the future;

    c.    physical pain and suffering sustained in the past;

    d.    physical pain and suffering that will in all reasonable probability be sustained in the future;

    e.    physical impairment and disability in the past;

    f.    physical impairment and disability that will in all reasonable probability will be sustained in the future;

    g.    loss of wages in the past;

    h.    loss of past and future earning capacity;

    i.    mental anguish in the past;

    j.    mental anguish that will in all reasonable probability be suffered in the future;

    k.    physical disfigurement in the past; and

    l.    physical disfigurement that will in all reasonable probability be suffered in the future.

**IX.**

## INTEREST

24.     Plaintiff further requests both pre-judgment and post-judgment interest on all her damages as allowed by law.

## X.

## RULE 47 NOTICE

25.     Plaintiff seeks monetary relief over $1,000,000 and demands a judgement for all other relief to which she is deemed to be justly entitled.

## XI.

## NOTICE OF SELF-AUTHENTICATION

26.     Pursuant to Tex.R.Civ.P. 193.7, Plaintiff gives notice of intent to use documents produced by any party hereto in any pretrial proceeding and at trial against the producing party.

## XII.

## DEMAND FOR JURY TRIAL

27.     Plaintiff demands a trial by jury. Plaintiff acknowledges payment this date of the required jury fee.

## XIII.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiff shall have judgment against Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and

further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1. pain and suffering in the past;
2. pain and suffering in the future;
3. mental anguish in the past;
4. mental anguish in the future;
5. past medical expenses;
6. future medical expenses;
7. physical impairment in the past;
8. physical impairment in the future;
9. physical disfigurement in the past;
10. physical disfigurement in the future;
11. loss of earnings; and
12. loss of earning capacity;
13. pre-judgment interest;
14. post judgment interest; and
15. exemplary damages.

Respectfully submitted,

**LAW OFFICES OF THOMAS J. HENRY**
5711 University Height, Suite 101
San Antonio, Texas 78249
Telephone: 361-985-0600
Facsimile: 361-985-0601

BY: _____
ROBERT RODERY
STATE BAR NO. 24091107
**\*E-service address: *rrodery-svc@thomasjhenrylaw.com***
**ATTORNEYS FOR PLAINTIFF(S)**

*\*TCRP 21a service by this email only*

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Robert Rodery on behalf of Robert Rodery
Bar No. 24091107
rrodery-svc@thomasjhenrylaw.com
Envelope ID: 56797500
Status as of 8/31/2021 8:32 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Robert Rodery | | rrodery-svc@thomasjhenrylaw.com | 8/30/2021 5:00:49 PM | SENT |